# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARRY ENSEY, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV 15-289-RAW-KEW |
| KEN KLINGER, Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate currently incarcerated at John Lilley Correctional Center in Boley, Oklahoma, is challenging the execution of his sentence for First Degree Rape in LeFlore County District Court Case No. CRF-96-10 (Count 1).

Petitioner alleges in Ground I of the petition that he was denied equal protection under the law while serving Count 1. He complains that other Oklahoma Department of Corrections (DOC) inmates were allowed to advance to Level 3 and Level 4, but he was denied advancement. He claims he met all the criteria for promotion to Level 3 and later to Level 4, but he was classified at Level 2 from April 10, 2001, through September 1, 2008.

In Ground II Petitioner again asserts that for seven years he was denied level promotion in the DOC system, despite meeting all the requirements and receiving "outstanding" evaluations during the period in question. He claims he continuously was denied level promotions because of the unavailability of jobs.

In Ground III Petitioner alleges that before his extradition to Oklahoma, he was incarcerated in Arkansas for five years pursuant to an Oklahoma detainer. He seeks to have the jail time he served in Arkansas credited to his sentence. He contends the Oklahoma trial court granted his request for five years of jail time, but at the time of his direct appeal, he was not aware he had not received the credit.[1]

In his request for relief, Petitioner requests retroactive earned credits at Level 3 and Level 4 (Dkt. 1 at 14). He also asks for credit for the five years he was incarcerated in Arkansas prior to his Oklahoma trial. *Id.*

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] The respondent alleges Petitioner has not exhausted the claim in Ground III.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The one-year limitations period also applies to § 2241 habeas corpus actions. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

The record shows that Petitioner arrived at the DOC on April 10, 2001, with five sentences to serve for CRF-96-10, including a 20-year sentence for Count 1 (Dkt. 13-2). He received 135 credits for jail time and 15 deferred reception credits for Count 1. *Id.* at 2. Three of the sentences were discharged on November 6, 2006, and the 20-year sentence for Count 1 was discharged on July 28, 2011 (Dkts. 13-1, 13-2 at 4). He presently is serving a 20-year sentence for Forcible Sodomy (Count 2) (Dkt. 13-3 at 1).

Petitioner received Class Level 2 credits from April 18, 2001, until October 17, 2007, when he was demoted because of cell deficiencies (Dkt. 13-2 at 2-3). He was promoted to Level 2 on January 1, 2008, to Level 3 on September 1, 2008, and to Level 4 on December 1, 2008 (Dkt. 13-2 at 3). Contrary to his allegation that he received "outstanding" evaluations during this period, he actually received "good" evaluations from April 25, 2001, through June 5, 2008 (Dkt. 13-4). These "good" evaluations entitled him to Class Level 2 credits. Okla. Stat. tit. 57, § 138(D)(1)(b). Petitioner has been at Class Level 4 continuously since December 1, 2008 (Dkts. 13-2 at 3-4, 13-3 at 2-3). He has received 44 earned credits a month the entire time he has been serving his current sentence for Count 2. (Dkt. 13-3 at 2-3).

On October 29, 2013, Petitioner submitted a Request to Staff to Records at John Lilley Correctional Center, requesting retroactive level credits for April 2001 to May 7, 2008, while

3

he was incarcerated at Oklahoma State Penitentiary (Dkt. 13-5 at 1). The response, received on November 8, 2013, stated, "The only promotions we can give, are one's [sic] received here. We cannot go back and give you levels while you are at another facility." *Id.*

On November 19, 2013, Petitioner filed a grievance with the warden with essentially the same request that was presented in his October 29, 2013, Request to Staff (Dkt. 13-5 at 2-3). The requested relief stated, "I believe the reviewing authority may award to me retroactive Level Three and, subsequently, Level Four along with the accompanying Earned Time Credits to reflect the time I was at O.S.P. and was denied level promotions." *Id.* at 2. The response from the reviewing authority denied relief as follows:

> I have reviewed your issue. There are concerns which arise in addressing your issue. First of all, you have discharged the sentence for which you are requesting the earned credits to be awarded too [sic]. LeFlore County CRF-96-10 cts 1, 3, 4, and 5 have been satisfied. Additionally, earned credits are exactly that, they are earned credits. The awarding of earned credit class is a facility classification issue. Review of adjustment reviews completed from April 2001 until May 2008 indicate you were never recommended for earned credit level three or four. You have correctly cited OP-060107 entitled "Systems of Incarceration" in that you could have been considered for promotion without the benefit of a job, however the fact remains that you were not recommended by the unit classification committee. Relief is denied.

(Dkt. 13-5 at 4).

Petitioner appealed the issue to the Administrative Review Authority on December 3, 2013, arguing that if he had been assigned to Level 3 and Level 4, he would have discharged his Count 1 sentence much earlier, and his current sentence would have started sooner (Dkt. 13-5 at 5-6). On December 5, 2013, the reviewing authority's response was affirmed, and relief was denied. *Id.* at 7.

4

The record shows that Petitioner signed his Adjustment Reviews from April 2001 through June 2008 that assigned him to Level 2 (Dkt. 13-4). In addition, he was advised each month that he was receiving only 22 credits (Dkt. 13-2 at 2-3). Petitioner's last assignment to Level 2 was in August 2008 (Dkt. 13-2 at 3). Therefore, the deadline for filing this habeas petition was in August 2009. *See* 28 U.S.C. § 2244(d)(1)(D). Petitioner, however, waited until June 15, 2015, almost four years after he discharged his sentence, to commence this action.

The respondent alleges Petitioner is provided a record of his accumulated time on a monthly basis. Okla. Stat. tit. 57, §138(I). With respect to Ground III, Petitioner was notified in 2001 that he received 135 days of jail time on his 20-year sentence for Count 1 of CRF-96-10 (Dkt. 1-3). If Petitioner believed he was due five years of credit on that sentence, he was required to bring that issue within the one-year limitation period, or by 2002 at the latest.

Petitioner alleges he is entitled to equitable tolling because of his limited access to the law library at Oklahoma State Penitentiary (OSP) from April 2001 through May 10, 2008 (Dkt. 16 at 1). He disputes the respondent's allegation that he receives a record of his time on a monthly basis, claiming that during his seven years at OSP, he never received any time sheets. (Dkt. 16 at 2). He contends the time sheets submitted as an exhibit to the respondent's response were kept in his file and not provided to him. *Id.* at 2. The record, however, clearly shows that Petitioner signed the time sheets, regardless of whether he retained a copy (Dkt. 13-4). He further claims he has an "aggregate sentence," rather than a discrete sentence, so the credits could be applied to the sentence he presently is serving.

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (2007) (citations omitted). Petitioner must make a specific showing of (1) lack of access to relevant materials and (2) the steps taken to diligently pursue his federal claims. *See Miller*, 141 F.3d at 978.

While the limitations period may be subject to equitable tolling, the Court finds the alleged lack of library access does not constitute cause, where, as here, petitioner has not demonstrated due diligence in pursuing his federal habeas claims. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir), *cert. denied*, 525 U.S. 891 (1998). Petitioner's vague allegations do not justify equitably tolling the limitations period. *See Miller*, 141 F.3d at 978 (noting that the petitioner "has provided no specificity regarding the alleged lack of access [to legal materials] and the steps he took to diligently pursue his federal claims"). This habeas petition is time barred.

The court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529

U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, the respondent's motion to dismiss Petitioner's time-barred petition (Doc. 13) is GRANTED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 30th day of August, 2016.

**Dated this 30th day of August, 2016.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma